1
2
3
4
5
6
7
8 IN THE UNITED STATES DISTRICT COURT
9 FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11 WAYNE KEVIN VERNON,

No. C 07-01286

12 Plaintiff, **JURY INSTRUCTIONS**
13 v.
14 CITY OF SAN FRANCISCO, OFFICER G.
PEREZ (Star No. 739) an individual, and
15 Does 1 to 20 ,
16 Defendants.
17 _____/
18
19
20
21
22 Dated:        September 25, 2008          _____
23                                          CHARLES R. BREYER
24                                          UNITED STATES DISTRICT JUDGE
25
26
27
28

**United States District Court**
For the Northern District of California

**DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the jury, now that you have heard all the evidence, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. You must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

United States District Court
For the Northern District of California

2

**BURDEN OF PROOF - PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# WHAT IS EVIDENCE

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which the lawyers have agreed or stipulated.

1

## STIPULATIONS OF FACT

2

3       The parties have agreed to certain facts that have been stated to you. You should
therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

# WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what the witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

**United States District Court**
For the Northern District of California

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;
(2) the witness' memory;
(3) the witness' manner while testifying;
(4) the witness' interest in the outcome of the case and any bias or prejudice;
(5) whether other evidence contradicted the witness' testimony;
(6) the reasonableness of the witness' testimony in light of all the evidence; and
(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

8

**DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

1

2

## EXPERT EVIDENCE

3

4

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

5

6

7

8

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness' education and experience, the reasons given for the opinion, and all the other evidence in the case.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

2 **SECTION 1983 CLAIM - INTRODUCTORY INSTRUCTION**

3

4       The plaintiff brings his claim for excessive force under the federal statute, 42

5 U.S.C. § 1983, which provides that any person or persons who, under color of law,

6 deprives another of any rights, privileges, or immunities secured by the Constitution or

laws of the United States shall be liable to the injured party.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

**SECTION 1983 CLAIM AGAINST DEFENDANT IN INDIVIDUAL CAPACITY - ELEMENTS AND BURDEN OF PROOF**

In order to prevail on his § 1983 claim against the defendant Officer George Perez, the plaintiff must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law; and

2. the acts of the defendant deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements he is required to prove under the other instructions, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California

## CAUSATION

In order to establish that the acts of the defendant George Perez deprived the plaintiff of his particular rights under the United States Constitution as explained in later instructions, the plaintiff must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiff's rights as to be the moving force that caused the ultimate injury.

## PARTICULAR RIGHTS - FOURTH AMENDMENT - UNREASONABLE SEIZURE OF PERSON - EXCESSIVE FORCE

In general, a seizure of a person is unreasonable under the Fourth Amendment if a police officer uses excessive force in making a lawful arrest. Thus, in order to prove an unreasonable seizure in this case, the plaintiff must prove by a preponderance of the evidence that Officer Perez used excessive force on Mr. Vernon in or near the police wagon while it was parked at the site of the arrest on Jackson Street.

Under the Fourth Amendment, a police officer may only use such force as is "objectively reasonable" under all of the circumstances. In other words, you must judge the reasonableness of a particular use of force from the perspective of a reasonable officer on the scene and not with the 20/20 vision of hindsight.

In determining whether the officer used excessive force in this case, consider all of the circumstances known to the officer on the scene, including:

1. The severity of the crime or other circumstances to which the officer was responding;

2. Whether the plaintiff posed an immediate threat to the safety of the officer or to others;

3. Whether the plaintiff was actively resisting arrest or attempting to evade arrest by flight;

4. The amount of time and any changing circumstances during which the officer had to determine the type and amount of force that appeared to be necessary;

5. The type and amount of force used;

6. The availability of alternative methods to take the plaintiff into custody.

14

**United States District Court**
For the Northern District of California

# DEFENDANTS NOT LIABLE FOR ALL INJURIES WHILE IN POLICE CUSTODY

Use of reasonable and legitimate force can result in an injury, even a serious injury. However, an officer is only liable if he uses excessive force.  If an officer uses reasonable force, the officer cannot be liable under any circumstance, even if a serious injury results.

The fact that injuries resulted is not evidence that the force used was unreasonable. The right to make a detention necessarily carries with it the right to use some degree of physical force to carry out that detention.  Plaintiff may recover only for those injuries which occurred as a result of excessive force.  Not every push or shove, even if it may later seem unnecessary, constitutes excessive force.

The only incident you may consider in determining George Perez's liability for excessive force is the incident on Jackson Street leading up to and involving the back of the police van at the initial point of arrest.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

## USE OF REASONABLE FORCE TO EFFECT ARREST

Any police officer who has reasonable cause to believe that the person to be arrested had committed a public offense may use reasonable force to effect the arrest, to prevent escape or to overcome resistance. A police officer who makes or attempts to make an arrest need not retreat or desist from his efforts by reason of the resistance or threatened resistance of the person being arrested. Nor shall such officer be deemed an aggressor or lose his right to self defense by the use of reasonable force to effect the arrest or to prevent escape or to overcome resistance.

# DUTY TO REFRAIN FROM RESISTING DETENTION

If a person has knowledge, or by the exercise of reasonable care, should have knowledge, that he is being arrested by a police officer, it is the duty of such person to refrain from using force to resist such arrest even if the arrest itself is unlawful.

1

**RESISTING ARREST - PASSIVE RESISTANCE**

2

3        A person may not use passive resistance or interpose any obstacle which in any

4    manner impedes, hinders, interrupts, or delays a lawful arrest.  A person who becomes

5    intentionally inert or limp and thereby requires that he be dragged or lifted bodily to make

     an arrest is passively resisting arrest.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

1

## PEACE OFFICER NOT REQUIRED TO USE LEAST AMOUNT OF FORCE
## POSSIBLE

2

3

Law enforcement officers are not required to use the least amount of force possible.
Rather, the inquiry is whether the force that was used was reasonable, viewing the facts
from the perspective of a reasonable officer on the scene.  Whether officers hypothetically
could have used less painful, less injurious, or more effective force in executing an arrest
is not the issue.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

**LACK OF COOPERATION CAN JUSTIFY USE OF FORCE**

An arrestee need not physically threaten or attempt to assault an officer for force to be justified. Lack of cooperation by an arrestee, by itself, can justify the use of force. Use of force in response to lack of cooperation must be reasonable.

**OUTCOME OF CRIMINAL CHARGES NOT AT ISSUE**

You have heard evidence that the plaintiff was arrested on March 5, 2005.  You have not heard any evidence as to what happened to Mr. Vernon as a result of that arrest. You are not to speculate as to the disposition of criminal charges against Mr. Vernon. These questions are not at issue in this lawsuit and must not be considered.

United States District Court

For the Northern District of California

**DAMAGES - PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.

If you find for plaintiff on his claim of excessive force by a peace officer, you should consider the following:

The nature and extent of the injuries;

The mental pain and suffering experienced; and

The reasonable value of necessary medical care, treatment, and services received to the present time.

The loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future.

It is for you to determine what damages, if any, have been proved.  Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

22

**DAMAGES - NOMINAL**

The law which applies to this case authorizes an award of nominal damages. If you find for the plaintiff but you find that the plaintiff has failed to prove damages as defined in these instructions, you must award nominal damages. Nominal damages may not exceed one dollar.

United States District Court
For the Northern District of California

# DAMAGES - MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1. that the plaintiff failed to use reasonable efforts to mitigate damages; and

2. the amount by which damages would have been mitigated.

**USE OF NOTES**

Some of you have taken notes during the trial. Whether or not you took notes, you should rely on your own memory of what was said. Notes are only to assist your memory. You should not be overly influenced by the notes.

**DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror.  That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Court clerk signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; and I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone--including me--how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**RETURN OF VERDICT**

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.